## Case No. 3,248.

### The CORNWALL.

[S Ben. 212.][1]

District Court, E. D. New York. July Term, 1875.

COLLISION AT PIER—EXPOSED POSITION.

A bark was placed alongside of pier 17, North river, so that her stern extended beyond the end of the pier, her master having notice that a steamship, so long as to cover three piers, was coming into her berth at pier 18. The steamship worked slowly and cautiously into her berth, and in so doing came in contact with the projecting stern of the bark and did her some damage: *Held*, that the steamship was not guilty of negligence in thus coming in contact with the bark, and that she was not liable for the damages.

[Distinguished in The Canima, 17 Fed. 272; Shields v. Mayor, Aldermen, etc., 18 Fed. 749.]

In admiralty.

Beebe, Wilcox & Hobbs, for libellants.

Foster & Thomson, for claimants.

BENEDICT, District Judge. This action is to recover damages sustained by the bark Excelsior, while lying moored at a pier, by contact with the steamship Cornwall.

The bark was placed alongside pier 17, North river, with her stern extending beyond the end of the pier. The Cornwall was a large steamship endeavoring to reach her berth at pier 18 on the other side of the slip

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

in which the bark was lying. It was necessary for the steamship to warp into her berth; and in so doing she came up to the end of the pier 17, where the bark was lying, inasmuch as she was a long vessel extending in length across three piers. As the bark lay with her stern projecting beyond the end of the pier, it was impossible for the steamship to come to the end of that pier without touching the bark; and yet it was necessary for her to come to the end of the pier in order to reach her berth. She therefore swung slowly and carefully in, broadside to the bark's stern. While thus in contact some slight damage was done to the bark. For damages thus occasioned, the steamship is not liable, because the bark without cause placed herself in an exposed place, and one necessarily involving her contact with the steamship as it occurred, provided the steamship attempted to reach her berth. This position the bark took after notice that the steamship was about to go into that berth. All that the bark could require of the steamship, under such circumstances, was the exercise of all diligence and care to place as little pressure as possible upon the bark. This was exercised. The slight damage that occurred was no more than the natural consequence of a contact, made necessary by the action of the bark, in placing herself where she did, when she had notice that such position would involve contact with a steamer about to come into the slip. I find no negligence on the part of the steamship, and therefore must dismiss the libel with costs.